**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DENNIS B. McGUIRE,

        Petitioner,       :    Case No. 3:99-cv-140

  - vs -                           District Judge Susan J. Dlott
                                           Chief Magistrate Judge Michael R. Merz

BETTY MITCHELL, Warden,

        Respondent.      :

**REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY**

This capital habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (Doc. No. 110). Respondent has filed a Memorandum in Opposition (Doc. No. 111) and Petitioner has filed a Reply in Support (Doc. No. 112).

A motion for certificate of appealability is a post-judgment motion on which a magistrate judge may only recommend a disposition under 28 U.S.C. § 636(b)(3).

The Amended Petition herein was denied by District Judge Dlott on July 2, 2007 (Doc. No. 103) and Petitioner filed a timely Notice of Appeal (Doc. No. 107). A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of

1

>    appealability, an appeal may not be taken to the court of appeals from--
>        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>        (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional

2

questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 478,120 S. Ct. 1595,1600-1601

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason;  that a court could resolve the issues [in a different manner];  or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4.  *Accord, Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 1039-1040, 154 L.Ed.2d 931 (2003).  A certificate of appealability is not to be issued pro forma or as a matter of course. *Id*. at

3

1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

Petitioner seeks a certificate of appealability on Grounds for Relief 3, 5, 9, 10, and 11. These Grounds are considered seriatim below.

### Ground Three

In his third ground for relief, Petitioner argued that the state court committed constitutional error by excluding a hearsay statement by the victim's husband that he had had anal intercourse with the victim three or four days before she was raped and murdered. For the reasons given in the Report and Recommendations (Doc. No. 91), the Ohio Supreme Court's resolution of this constitutional question was not an unreasonable application of *Chambers v. Mississippi*, 410 U.S. 284 (1973). In particular, the statement was not spontaneous because it was made in response to interrogation by David Lindloff, a Coroner's investigator. It was not against penal interest because he was married to the victim and was at work when the abduction happened. It was also not relevant. It's relevance depended upon there being two sources of the semen in the victim's rectum, but there was no evidence that there were two sources.

Nevertheless, the relevance point and the conclusion about the statement's being against Kenny Stewart's penal interest are at least arguable. Therefore, Petitioner should be granted a certificate of appealability on his third ground for relief.

4

**Ground Five**

In Ground Five, Petitioner argued that the jury instructions during the mitigation phase of trial prevented the jury from considering all the relevant mitigating evidence, in violation of *Lockett v. Ohio*, 438 U.S. 586 (1978).  The Court concluded as recommended that this Ground for Relief was procedurally defaulted because it was not raised on direct appeal.  Petitioner responded that he could overcome this procedural default by showing ineffective assistance of appellate counsel.

In light of recent Supreme Court decisions with respect to allowing a jury to consider all relevant mitigating evidence, this Court's decision that re-weighing by the sentencing judge and the Ohio Supreme Court cured any error is arguable among reasonable jurists and a certificate of appealability should issue on Ground Five.

**Ground Nine**

In Ground Nine, Petitioner sought relief on the basis of the cumulative effect of a number of asserted trial errors.  The Court held that the Ohio Supreme Court's disposition of this claim was not an unreasonable application of clearly established federal law.  In his Motion for Certificate of Appealability, Petitioner argues at length each of the alleged errors.  However, he presents no clearly established United States Supreme Court precedent which the state court's decisions contravene.  Even if there was error in the trial court handling of this case in some of the particulars Petitioner claims, the constitutional test is whether the error "so infected the trial with unfairness as to make the resulting conviction or sentence a denial of due process." *Donnelly, v. DeChristoforo,* 416 U.S.

637 at 643 (1974). Petitioner's argument that reasonable jurists would argue over whether the Court's conclusion on this Ground for Relief is warranted is unpersuasive. A certificate of appealability should be denied on the Ninth Ground for Relief.

## Ground Ten

In his Tenth Ground for Relief, Petitioner claimed ineffective assistance by his appellate counsel in their failure to raise twelve separate assignments of error. This Court decided the claim on the merits and concluded that the Ohio Supreme Court's application of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), was not unreasonable.

In arguing for a certificate of appealability on this claim, Petitioner cites only the recitation by the Ohio Supreme Court that the argument made to the intermediate court of appeals on trial error was summary, at best. While that is true, it does not suggest why the Ohio Supreme Court's eventual disposition of the ineffective assistance of appellate counsel claim was an unreasonable application of *Strickland*. This Court concluded that the omitted errors were unlikely to have been successful if argued and thus there was no prejudice. Petitioner does not provide a persuasive argument why that conclusion would be arguable among reasonable jurists and he should be denied a certificate of appealability on Ground Ten.

## Ground Eleven

In Ground Eleven, Petitioner asserts that the State failed to introduce sufficient evidence of

forcible rape at trial. The standard for reviewing such a claim in habeas is set forth, as all parties recognize, in *Jackson v. Virginia,* 443 U.S. 306 (1979). The Ohio Supreme Court applied the *Jackson* standard, albeit as embodied in its own precedent, *State v. Jenks*, 61 Ohio St.3d 259. 574 N.E.2d 492 (1991). This Court concluded that the state courts had reasonably applied *Jackson* and nothing said in the Motion disturbs that conclusion.

Nonetheless, this Court is reluctant to deny a certificate of appealability on the very basic question of whether there necessarily was reasonable doubt on an element of the underlying crime, since it is so common to experience disagreement among reasonable jurists on such questions. Therefore, Petitioner should be granted a certificate of appealability on his Eleventh Ground for Relief.

### Conclusion

In accordance with the foregoing analysis, the Motion should be granted as to the Third, Fifth, and Eleventh Grounds for Relief and denied as to the Ninth and Tenth Grounds for Relief.

October 9, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C),

or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).