IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dennis McGuire, : | |
| : | Case No. 3:99-CV-140 |
| Petitioner, : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER ADOPTING REPORT AND |
| Betty Mitchell, Warden, : | RECOMMENDATIONS AND |
| : | OVERRULING OBJECTIONS |
| Respondent. : | |

On July 2, 2007, this Court issued an Order (doc. 103) denying Petitioner's Amended Petition for *Writ of Habeas Corpus* ("Amended Petition") (doc. 28). Thereafter, Petitioner filed a Motion for Certificate of Appealability (doc. 110). The Warden opposed the motion. On October 10, 2007, Chief Magistrate Judge Merz issued a Report and Recommendation on Certificate of Appealability ("Appealability R&R") (doc. 113) recommending that a certificate issue as to three Grounds for Relief. McGuire has filed Objections (doc. 114) to the Appealability R&R, which the Warden has opposed.

For the reasons that follow, the Court **ADOPTS** the Appealabililty R&R and **OVERRULES** McGuire's Objections. The Court **ORDERS** that a Certificate of Appealability issue on the Third, Fifth, and Eleventh Grounds for Relief stated in Petitioner's Amended Petition. Regarding the Third Ground for Relief, the Court clarifies that a certificate should issue as to both the procedural default and substantive issues.

**I.     ANALYSIS**

Petitioner McGuire has moved the Court to issue a certificate of appealability ("COA") as to five Grounds for Relief stated in the Amended Petition. Chief Magistrate Judge Merz

1

recommended granting a COA as to the Third, Fifth, and Eleventh Grounds for Relief, but denying it as to the Ninth and Tenth Grounds for Relief.  Neither party has objected to the recommendation to issue a COA for the Third and Eleventh Grounds for Relief, and therefore, the Court may adopt that portion of the Appealability R&R without further review.  See Thomas v. Arn, 474 U.S. 140, 145-50 (1985) (upholding Sixth Circuit waiver rule); Paige v. Bradshaw, No. 1:05-CV-2618, 2007 WL 3287329, at *1 (N.D. Ohio Nov. 3, 2007).  Moreover, the Court concludes on the merits that a COA is warranted as to the Third and Eleventh Grounds for Relief.     McGuire, however, has objected to the recommendation to grant a COA as to the Fifth Ground for Relief to the extent that he seeks the Court to clarify that the COA applies to both the procedural and substantive portions of the Fifth Ground.  McGuire also has objected to the recommendation that no COA be issued for the Ninth and Tenth Grounds for Relief.  The Court will consider these issue *de novo* pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

**A.      Standards for Issuing Certificates of Appealability**

The Court begins its analysis by examining the standards for issuing COAs in cases governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The relevant statute provides that an appeal may not be taken from a final order in an AEDPA case unless a certificate of appeal is issued:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

>(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253. District courts have the authority to issue COAs pursuant to this section.

Castro v. United States, 310 F.3d 900, 903 (6th Cir. 2002).

The United States Supreme Court has explained that where the district court has denied a constitutional claim on the merits, a COA should issue if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The analysis is more complicated if the district court has denied the claim on procedural grounds:

>When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. Ordinarily, courts should determine the procedural issues before the substantive issues. Id. at 485.

"[I]ssuance of a COA must not be *pro forma* or a matter of course." Miller-El v.

Cockrell, 537 U.S. 322, 337 (2003). The petitioner must prove something more than good faith belief in his claims or the mere absence of frivolity. Id. at 338. On the other hand, a court should not deny a COA "merely because it believes the applicant will not demonstrate an entitlement to relief." Id. at 337.

Following these standards, the Court now turns to the three disputed Grounds for Relief.

**B.      Fifth Ground for Relief**

> The jury was not instructed in a manner that allowed them to take into consideration Mr. McGuire's history, character, and background. Thus his sentence violates the Eighth and Fourteenth Amendments.

(Doc. 28 at 54.)

McGuire seeks a COA as to the Fifth Ground for Relief. Chief Magistrate Judge Merz recommended granting the COA as to this Ground, but McGuire objects to the extent that he seeks the Court to clarify that the COA apply to the Fifth Ground both procedurally and substantively. Significantly, the Warden has stated her understanding that Chief Magistrate Judge Merz recommended certifying both "the claims of constitutional error and the issue of procedural default," and the Warden has not objected to that recommendation. (Doc. 115 at 2.)

> Chief Magistrate Judge Merz stated in the Appealability R&R as follows:
>
> In Ground Five, Petitioner argued that the jury instructions during the mitigation phase of trial prevented the jury from considering all the relevant mitigating evidence, in violation of *Lockett v. Ohio*, 438 U.S. 586 (1978). The Court concluded as recommended that this Ground for Relief was procedurally defaulted because it was not raised on direct appeal. Petitioner responded that he could overcome this procedural default by showing ineffective assistance of appellate counsel.
>
> In light of recent Supreme Court decisions with respect to allowing a jury to consider all relevant mitigating evidence, this Court's decision that re-weighing by the sentencing judge and the Ohio Supreme Court cured any error is arguable among reasonable jurists and a certificate of appealability should issue on Ground

Five.

(Doc. 113 at 5.) This Court agrees with Chief Magistrate Judge Merz's succinct analysis. Moreover, the Court clarifies that the COA should issue on the Fifth Ground as to both the procedural default and substantive issues.

**C.     Ninth Ground for Relief**

> The court made numerous improper evidentiary rulings: the government was permitted to introduce gruesome and cumulative photographs, improper opinion testimony, improper rebuttal testimony; and Mr. McGuire was not permitted to present evidence that someone else may have committed this offense; and finally the jury was permitted to have an audio tape during its deliberations. These cumulatively violate the Fifth, Sixth, Eighth and Fourteenth Amendments.

(Doc. 28 at 78.)

The Court held in the Order denying *habeas* relief that the Ohio Supreme Court's decision regarding the merits of the trial court's evidentiary rulings was not contrary to nor an unreasonable application of clearly established federal law. The Court determined that the trial court's alleged errors, considered individually or cumulatively, did not result in constitutional error nor so infect the trial with unfairness as to make the resulting conviction or sentence a denial of due process.

Petitioner re-asserts his merits arguments in requesting a COA to issue on this Ninth Ground for Relief. Chief Magistrate Judge Merz concluded that his arguments were unpersuasive. This Court concurs. Petitioner has not established that reasonable jurists would find it debatable whether he has stated a valid claim for denial of a constitutional right. A COA on this Ground for Relief is not warranted.

**D.     Tenth Ground for Relief**

5

> Mr. McGuire's intermediate-appellate counsels' conduct of the case fell below the standard of care. This violates the Sixth, Eighth, and Fourteenth Amendments.

(Doc. 28 at 89.)

In this Ground for Relief, Petitioner re-asserts claims stated in the Fifth, Ninth, and Eleventh Grounds for Relief from the perspective that his appellate counsel erred by not raising during his state court appeal the substantive issues underlying his claims. Chief Magistrate Judge Merz recommended denying a COA as this Ground for Relief in its entirety. Petitioner objects to the recommendation on limited grounds.

First, McGuire contends that a COA should issue on the claim that appellate counsel should have challenged the trial court's jury instructions on mitigating factors – the substantive issuing underlying the Fifth Ground for Relief. This Court has clarified that a COA should issue as to the Fifth Ground for Relief on both the procedural default and substantive issues, and therefore, McGuire will be able to assert on appeal to the Sixth Circuit that his state court appellate counsel erred by not challenging the mitigating factors jury instruction on direct appeal. A COA is not necessary on the Tenth Ground for Relief as a separate claim.

Next, McGuire contends that a COA should issue on the claim that his state court appellate counsel should have challenged the various evidentiary rulings discussed in the Ninth Ground for Relief. This Court has determined that a COA is not warranted on the substantive issues raised in the Ninth Ground for Relief. It follows that a COA is not warranted on claims that McGuire's appellate counsel wrongly failed to raise the substantive issues on direct appeal. The Court will not issue a COA on the Tenth Ground for Relief.

## II. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Appealability R&R,

**OVERRULES** Petitioner's Objections thereto, and **ORDERS** that a Certificate of Appealability issue on the Third, Fifth, and Eleventh Grounds for Relief stated in Petitioner's Amended Petition.  Finally, the Court clarifies that a COA should issue on the Third Ground for Relief as to both the procedural default and substantive issues.

    IT IS SO ORDERED.


                                                              ___s/Susan J. Dlott_____
                                                              Susan J. Dlott
                                                              United States District Judge