# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DENNIS B. McGUIRE,

        Petitioner,  :  Case No. 3:99-cv-140

  - vs -                        Chief Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

        Respondent.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This capital habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 129) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 127) recommending that Petitioner's Motion for Relief from Judgment (Doc. No. 124) should be denied. The Warden has filed a Response (Doc. No. 130) and Chief Judge Dlott has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objection (Doc. No. 131).

      McGuire's Motion is made under Fed. R. Civ. P. 60(b)(6) and seeks to reopen the judgment so that the Court can reconsider its holding on subclaim c.i, of the second ground for relief, which reads as follows: "c. Defense counsel's actions and omissions during the penalty phase of McGuire's capital trial deprived him of the effective assistance of counsel. i. Inadequate preparation and presentation of mitigation evidence." (Quoted in Report and Recommendations, Doc. No. 91, PageID 245). The Motion to Reopen was made in light of new

1

Supreme Court law announced in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

**Petitioner's First Objection**

> **First Objection:** Petitioner objects to the Magistrate Judge's erroneous determination that Martinez does not apply to this case. This was based on the premise that Proposition of Law No. Seven, the merits of his trial counsel claim, was addressed on its merits when in fact the Ohio Supreme Court did not address the merits but held that it was waived.

(Objection, Doc. No. 129, PageID 758.)

The Report contains a detailed history of the presentation of ineffective assistance of trial counsel claims in this case (Report, Doc. No. 127, PageID 746-749). That history recounts that McGuire raised a claim of ineffective assistance of trial counsel on direct appeal to the Ohio Supreme Court as Proposition of Law No. 7 and the Ohio Supreme Court found the claim was "waived" without saying how it was waived. *Id.* at 746, *citing State v. McGuire*, 80 Ohio St. 3d 390, 394 (1997). On that basis, the Report and Recommendations on the merits in this case (Doc. No. 91) concluded the entire Second Ground for Relief, including the subclaim at issue in the instant Motion, was procedurally defaulted on the basis of this waiver and not on some other basis. *Id.* at PageID 252-255. This conclusion was adopted without objection (Doc. No. 103).

The Report concluded that *Martinez v. Ryan* was not applicable to this case because McGuire chose to raise this particular ineffective assistance of trial counsel claim on direct appeal to the Ohio Supreme Court and then waived it. *Martinez* only applies in those States where an ineffective assistance of trial counsel claim can only be raised on collateral attack. Ohio is not such a State, allowing a defendant the option of raising an ineffective assistance of trial counsel claim on direct appeal or collateral attack. See *Williams v. Anderson*, 460 F.3d 789,

2

799 (6th Cir. 2006), quoted in the Report at PageID 751-752.

Petitioner objects that this conclusion is faulty because based on the assertedly false premise that the Ohio Supreme Court decided Proposition of Law No. 7, the ineffective assistance of trial counsel claim, on the merits, when in fact it found the claim had been waived (Objection, Doc. No. 129, PageID 782).

In support, Petitioner offers a number of pieces of evidence. First, he says, the inadequacy of trial counsel was not raised on direct appeal to the intermediate court of appeals (Objection, Doc. No. 129, PageID 782).[1] That is correct; no ineffective assistance of trial counsel claim was made on direct appeal to the Twelfth District Court of Appeals.[2] However, on further appeal to the Ohio Supreme Court, represented by different counsel from those who appeared for him in the intermediate court of appeals, McGuire pled as Proposition of Law Seven: "Defense Counsel's actions and omissions at Mr. McGuire's capital trial deprived him of the effective assistance of trial counsel as guaranteed by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, §§ 9, 10 and 16 of the Ohio Constitution." *State v. McGuire*, 80 Ohio St. 3d 390, 407 (1997). At the outset of its opinion, the Ohio Supreme Court wrote "Propositions of Law Two and Seven are waived." *Id.* at 394. As noted in the Report, waiver is the "intentional relinquishment or abandonment of a known right." Report, Doc. No. 127, PageID 746, n. 3, *quoting Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). McGuire's claim of ineffective assistance of trial counsel by failure to investigate and present mitigation evidence, the same claim he wants to raise on reopening the judgment here,

---

[1] At this point the Objection contains the following record reference "Brief of Appellant, July 3, 1995, Table of Contents and Assignment of Errors, R. 2885-90." No documents on file in this Court bear that number. The referenced document is Exhibit 71 to the Return of Writ, Doc. No. 17.
[2] Because the murder in this case was committed prior to January 1, 1995, the initial direct appeal was to the Ohio Court of Appeals, rather than to the Ohio Supreme Court, as is true for capital conviction direct appeals for murders occurring after January 1, 1995.

3

was briefed by McGuire's counsel in the Ohio Supreme Court (Appellant's Brief, Ex. 75 to Return of Writ, Doc. No. 17, pp. 92-94; Appellant's Reply Brief, Ex. 77 to Return of Writ, Doc. No. 17, pp. 27-30), so there is no written waiver or withdrawal of this claim in the briefs. The Ohio Supreme Court may have been adverting to a waiver at oral argument, of which this Court has no record. Or it might possibly have meant "forfeited" instead of intentionally waived. Although the words have distinct meanings in legal parlance, they are sometimes substituted for one another. However, the Ohio Supreme Court has carefully distinguished the two words and the different legal effects they have. *State v. Payne,* 114 Ohio St. 3d 502, 506 (2007), *citing United States v. Olano*, 507 U.S. 725, 733 (1993). In the absence of any evidence to the contrary, this Court must understand the Ohio Supreme Court as meaning what it said, to wit, that McGuire had waived his ineffective assistance of trial counsel claim as pled in Proposition of Law No. 7.

In addition to direct appeal, McGuire filed two petitions for post-conviction relief under Ohio Revised Code § 2953.21. The first of these did not include the claim now made, but the second one did. McGuire's second argument in his instant Objections about why the Ohio Supreme Court's decision on direct appeal is not a decision on the merits of this claim is

> Had these claims been resolved in the direct appeal, the government's response to the Second Petition would have been different. It would have argued that the claims were barred by the direct appeal. This was not the case. Nowhere did the government refer to the first appeal in its response, only to the first petition, where it claimed the claims should have been raised.

(Objections, Doc. No. 129, PageID 783.) Petitioner's counsel gives no record reference to support this point, but the record on the second post-conviction petition (the "2nd PC Petition") is found as attachments to Petitioner's Motion to Expand the Record (Doc. No. 62). The

4

ineffective assistance of trial counsel claim now made was indeed made in this 2nd PC Petition (Ex. A to Doc. No. 62). Counsel[3] argued that the Ohio criminal *res judicata* rule adopted in *State v. Perry*, 10 Ohio St. 2d 175 (1967), should not apply because the 2nd PC Petition was supported by evidence *dehors* the record. *Id.* at pp. 12-14. No mention is made at all of the waiver language in the Ohio Supreme Court's opinion.

In opposing the 2nd PC Petition, the prosecutor did indeed focus on the failure to plead this claim in the 1st PC Petition and does not mention the direct appeal (Memorandum Opposing 2nd PC Petition, Ex. B to Doc. No. 62). Judge Abruzzo adopted this argument in denying the 2nd PC Petition (Decision, Ex. C to Doc. No. 62). On appeal, McGuire repeated his arguments about *res judicata*, never mentioning the waiver language. (Appellant's Brief, Ex. E to Doc. No. 62). The court of appeals also did not mention the waiver language in the Ohio Supreme Court decision. Instead, it focused on the *res judicata* effect of dismissal of the 1st PC Petition, holding:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial or on an appeal from that judgment. State v. Perry (1967), 10 Ohio St. 2d 175, 180, 226 N.E.2d 104. Res judicata applies to postconviction proceedings, barring consideration of constitutional issues that have already been fully litigated before a prisoner's conviction or on direct appeal from that judgment. Id. at 179. Res judicata also applies to consecutive postconviction petitions, precluding a court from considering in a second petition the same issue that has been raised in the first petition. State v. Castro (1979), 67 Ohio App. 2d 20, 425 N.E.2d 907, syllabus; State v. Blankenship, 1997 Ohio App. LEXIS 4985 (Nov. 10, 1997), Butler App. Nos. CA97-03-062, CA97-03-063, unreported, at 8.

---

[3] McGuire was represented on the 2nd PC Petition by Ohio Public Defender David Bodiker and Assistant State Public Defender Linda Prucha, who continues to represent him in these proceedings. McGuire was represented on appeal to the Ohio Supreme Court in the proceeding in which this claim was waived by Mr. Bodiker and two different State Assistant Public Defenders, Joseph Willhelm and Tracey Leonard. See 80 Ohio St. 3d at 393.

5

> Petitioner first argues that his claims cannot logically be barred by *res judicata* because his claims have not been fully litigated. Petitioner's claims could have been fully litigated, but petitioner failed to present adequate evidence to support those claims. Petitioner's second petition merely offers additional evidence with respect to issues previously addressed by the first petition.
>
> In his first postconviction petition, petitioner alleged the ineffective assistance of his counsel during the death penalty phase of the proceedings. In Cause of Action X, petitioner claimed his attorneys had failed to adequately investigate and present mitigation evidence to the jury in the form of family member testimony, expert mitigation testimony, and psychiatric testimony. Ruling on his postconviction petition, the trial court determined that petitioner had failed to offer any documentary evidence to support his claims and that the record showed trial counsel had acted effectively in the mitigation phase of the proceedings.
>
> In his second postconviction petition, petitioner made precisely the same argument but attempted to introduce additional evidence. Petitioner offered documents in the form of additional affidavits from family members regarding his formative years. The trial court found petitioner's claim of ineffective assistance barred because he had raised precisely the same claim in his first postconviction petition.
>
> The operative facts in this case are very similar to those in *Castro*, 67 Ohio App. 2d 20, 22, 425 N.E.2d 907. There, the petitioner alleged ineffective assistance of counsel in a second postconviction petition. *Id*. The petitioner had alleged the ineffective assistance of counsel in his first postconviction petition. *Id*. The court found the second petition's claim barred by *res judicata. Id.* We reach the same result.
>
> Petitioner's ineffective assistance claim was raised in his first postconviction petition. Petitioner failed to provide necessary affidavits to fully litigate the issue. *Res judicata* therefore bars his subsequent claim. Although petitioner attempts to differentiate his claims from the claims raised in *Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104, he has offered no valid reason that res judicata should not apply to bar this claim, and it is not necessary to address the issue on its merits. Accordingly, the trial court's ruling is affirmed. Petitioner's second assignment of error is overruled.

*State v. McGuire,* 2001 Ohio App. LEXIS 1826 *26-29 (Ohio App. 12th Dist. Apr. 23, 2001).

Thus the litigation history of the 2nd PC Petition – where the waiver language is never adverted to – gives some support to McGuire's present argument. (Note, however, that the court of appeals says this claim was decided on the merits in the 1st PC petition.)

McGuire is certainly correct that the Ohio Supreme Court did not address this ineffective assistance of trial counsel claim on the merits, but that does not mean its final judgment does not count as a judgment on the merits of that claim. Under AEDPA, when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bell v. Cone,* 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000). But in *Harrington* the Supreme Court held that the state court did not have to discuss the federal law on a claim to be entitled to deference. "This interpretation of the AEDPA standard appears to grant much more deference to state decisions when we review them under AEDPA than the earlier interpretation in *Williams v. Taylor* . . ." *Peak v. Webb*, 673 F.3d 465, 474 (6th Cir. 2012)(Merritt, J., concurring), *quoting Greene v. Fisher*, 565 U.S. ___, 132 S. Ct. 38(2011)(unanimous opinion); *Jackson v. Houk*, 687 F.3d 723, 729 (6th Cir. 2012), again quoting *Greene*. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011), quoting *Harrington,*131 S. Ct. at 784-85. When the state court is silent as to its reasoning in denying a claim, "a habeas court must determine what arguments or theories supported or ... could have supported the state court's

decision." *Harrington,* 131 S. Ct. at 786. When the state court gives no explanation of its decision, "a habeas petitioner may meet his or her burden 'by showing there was no reasonable basis for the state court to deny relief.'" *Carter v. Mitchell*, 693 F.3d 555, 562 (6th Cir. 2012), *quoting Harrington,* 131 S. Ct. at 784 (2011).

Here the Ohio Supreme Court was not silent as to its reasons for denying Proposition of Law No. 7. Rather, the Court said the claim had been "waived." Not withdrawn for later litigation under Ohio Revised Code § 2953.21 or Ohio Revised Code § 2953.23, but "waived."

In sum, the Magistrate Judge agrees the Ohio Supreme Court did not "address" or analyze the merits of Petitioner's ineffective assistance of trial counsel claim now sought to be presented. While the Ohio Supreme Court's decision can be counted as a decision on the merits of this claim under *Harrington, supra*, its use of the word "waiver" is arguably equivocal because there is no record evidence of when or how the waiver occurred. The failure to refer to mention the waiver at all in litigating the 2nd PC Petition is equivocal. On balance the Magistrate Judge concludes the Ohio Supreme Court's decision should be taken as a waiver of this claim.

*Martinez* applies to cases where an ineffective assistance of trial counsel claim must be presented on collateral review. Ohio permits a habeas petitioner to choose: if he believes he can present the claim on the direct appeal record, he may do so. Alternatively, if he believes it requires evidence *dehors* the record, he can present the claim for the first time in post-conviction. But Ohio law does not allow a petitioner to present the claim on direct appeal, then waive the claim, and then start over.

McGuire might claim that it was ineffective assistance of appellate counsel for his Ohio Supreme Court counsel to waive the claim. But ineffective assistance of counsel on a second level direct appeal, even of right, does not act as excusing cause, either under *Martinez* or under

prior law. The constitutional right to counsel extends only to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

McGuire's First Objection is therefore without merit and should be overruled.

### Petitioner's Second Objection

> **Second Objection:** Petitioner objects to the finding that he has not met the requirements of Fed. R. Civ. P. 60(b).

A litigant who seeks relief from a final judgment must show extraordinary circumstances. McGuire argued two: the important change in law embodied in *Martinez* and the fact that this is a death penalty case (Objections, Doc. No. 129, PageID 783). The Magistrate Judge recommended that the Court conclude McGuire had not shown sufficient extraordinary circumstances because a change in decisional law is usually not sufficient (Report and Recommendations, Doc. No. 127, PageID 752-753, citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). The Report also noted that the fact that this is a death penalty case does not necessarily support reopening because the judgment in this case has been reviewed three times in the Ohio Court of Appeals, once in the Ohio Supreme Court, once in this Court, and once in the Sixth Circuit. *Id.* at PageID 753, citing the undersigned's own prior decision in *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 117060 *23-25 (S.D. Ohio Aug. 20, 2012), which is a death penalty case in which the petitioner seeks to reopen after the Sixth Circuit affirmed this Court's

denial of habeas relief. The Report in Sheppard relied for support on *Stokes v. Williams*, 475 F.3d 732 (6th Cir. 2007).

Petitioner objects that "[n]either the report in this case nor the report in *Sheppard* discuss [sic] a case decided after *Stokes* [*v. Williams*, 475 F.3d 732 (6th Cir. 2007)]: *Thomson* [sic. Properly spelled Thompson] *v. Bell*, 580 F.3d 423 (6th Cir. 2009)." (Objections, Doc. No. 127, PageID 783-784.) Against the State's interest in finality in a death penalty case, Judge Clay noted:

> However, we must also heed the Supreme Court's admonition that "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." *Sanders v. United States*, 373 U.S. 1, 8, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). . . .  In this case, the finality of the judgment against Thompson must be balanced against the more irreversible finality of his execution, as well as the serious concerns about ineffective assistance that caused this Court so much angst upon its prior consideration of Thompson's petition. Because Thompson should be heard on the merits of his four remaining ineffective assistance claims, we reverse the district court's denial of Thompson's Rule 60(b) motion.

*Id.* at 444. *Thompson* was a split decision. In dissent, Judge Suhrheinrich wrote:

> Indeed, the Supreme Court has recognized that the government has an essential interest in carrying out a lawfully imposed sentence. *See Moran v. Burbine*, 475 U.S. 412, 426, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986) (recognizing "society's compelling interest in finding, convicting,  and punishing those who violate the law"). Further, "'a State retains a significant interest in meting out a sentence of death in a timely fashion.'" *Cooey v. Strickland,* 479 F.3d 412, 419 (6th Cir. 2007) (quoting *Nelson v. Campbell*, 541 U.S. 637, 644, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004)). That interest "is at its greatest in the narrow class of capital murder cases in which aggravating factors justify imposition of the death penalty," *Singleton v. Norris*, 319 F.3d 1018, 1025 (8th Cir. 2003) (en banc), and accordingly must also be keenly weighed against an inmate's interest in avoiding involuntary medication.

*Id.* at 446, n. 1.

*Sanders v. United States*, 373 U.S. 1 (1963), is part of the famous trilogy of habeas corpus decisions by the Supreme Court in the 1962 term.

> The fulfillment of the Warren Court's expansion of habeas corpus review of state convictions occurred in the spring of 1963, when the Court issued its famous "trilogy" of habeas decisions. *Townsend v. Sain*, *Sanders v. United States*, and *Fay v. Noia.*

Habeas for the Twenty-First Century, Nancy King & Joseph Hoffman, 56-57.  These decisions reflect Justice Brennan's persuasion of the Court that finality of state court judgments was to be weighted lightly as against the duty of federal judges to intervene when confinement did not conform to the fundamental requirements of the law.  *Fay v. Noia,* 372 U.S. at 399-402.  That assessment of finality was challenged academically at once.  Paul M. Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harvard Law Review 524 (1963).  The reassessment by the Rehnquist Court was part of its long-term disassembly of the trilogy, starting with *Wainright v. Sykes*, 433 U.S. 72 (1977), assisted by Congress in the AEDPA.

The Sixth Circuit in *Thompson* did not read *Sanders* to require that the State's interest in finality always be put aside in capital cases and the authority cited by the dissent suggests it is to be given at least some weight.  In this particular case, McGuire has received full habeas corpus review of his state court judgment and the judgment has been upheld by the Circuit Court.  Thus it is not just the finality of the conviction which is in issue, but the finality of this Court's own habeas corpus judgment which must be weighed.

The Magistrate Judge agrees that this Motion is not barred by the doctrine of *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and did not suggest in the Report that it was thus barred.  The Objections' discussion of *Gonzalez* (Objections, Doc. No. 129, PageID 785) thus appears to be a red herring.

McGuire objects that "[a] change in the law may entitle a party to 60(b) relief." (Objections, Doc. No. 129, PageID 785). The Sixth Circuit concluded in *Stokes v. Williams, supra,* that there might be a case where a change in the law would merit relief under Fed. R. Civ. P. 60(b)(6). 475 F.3d at 736. Accepting that proposition, the Sixth Circuit in *Stokes* weighed against it the fact that the judgment in question there had become final and concluded that the change in the law at issue in that case was not enough. *Id.* at 736-737.

The Magistrate Judge agrees with McGuire that *Martinez* represents a major change in habeas corpus law; Justice Scalia complained of as much in dissent. But on balance McGuire's claim of ineffective assistance of trial counsel in failing to present additional mitigating evidence does not make this, in the Magistrate Judge's opinion, a case where justice demands that that claim be heard on the merits. Petitioner's own counsel waived the claim on direct appeal and McGuire has never asserted that waiver was ineffective assistance of appellate counsel. Time has not made the claim stronger, particularly in light of the review the case has received in both state and federal courts since the waiver occurred.

### Petitioner's Third Objection

> **Third Objection:** Petitioner objects to the finding that he has had full review three times in the state court of appeals and once in the Ohio Supreme Court.

(Objections, Doc. No. 129, PageID 788.)

At the end of the Report and Recommendations, the Magistrate Judge wrote:

> Here, as in Sheppard, the Petitioner has received full review three times in the state court of appeals and once in the Ohio Supreme Court, followed by habeas review in this Court and in the Sixth

12

        Circuit.

(Report, Doc. No. 127, PageID 753.)

In objecting, McGuire points out that no court has considered on the merits the ineffective assistance of trial counsel claim he now seeks to raise. In writing that he had received "full review," the Magistrate Judge did not intend to imply otherwise. This claim has never been considered on the merits. When it was raised in the Ohio Supreme Court, that court found it had been waived. When it was raised in the 2nd PC Petition, it was found barred by *res judicata* because it had not been raised in the 1st PC petition. But it has never been decided on the merits. The Magistrate Judge clarifies that the Report should not be read to assert the contrary.

December 12, 2012.

                                                                   s/ *Michael R. Merz*
                                                        United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).