IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dennis B. McGuire, | : | |
| | : | Case No. 3:99-cv-140 |
| Petitioner, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Reports and |
| Warden, Mansfield Correctional | : | Recommendations, Overruling |
| Institution, | : | Cumulative Objections, and Denying |
| | : | Motion for Relief from Judgment |
| Respondent. | : | |

At issue before the Court is Petitioner's Motion for Relief from Judgment under Civil Rule 60(b) (Doc. 124) as to a subclaim asserting ineffective assistance of counsel during the sentencing phase of trial. The Warden has opposed the Rule 60(b) motion. Magistrate Judge Michael R. Merz has issued a Report and Recommendations ("R&R") (Doc. 127) and a Supplemental Report and Recommendations ("Supp. R&R") (Doc. 132) recommending denial of the Rule 60(b) motion. Petitioner has filed Cumulative Objections (Doc. 135) to the R&R and Supp. R&R which are now pending before the Court. For the reasons that follow, the Court will **ADOPT** the R&R and Supp. R&R, **OVERRULE** Petitioner's Cumulative Objections, and **DENY** Petitioner's Motion for Relief from Judgment.

I. PROCEDURAL HISTORY

A. **State Court Proceedings**

On December 22, 1993, a Preble County, Ohio, grand jury indicted Petitioner Dennis B. McGuire on one count of aggravated murder, two counts of rape (vaginal and anal), and one count of kidnapping. (Doc. 17, ROW Ex. 1.) McGuire's trial was held in November and December 1994. A jury found McGuire guilty of aggravated murder, anal rape, and kidnapping, but not guilty of vaginal rape. (T.p., Jury Trial at 1067–68.)

1

The penalty phase of the trial commenced on December 12, 1994. (T.p., Jury Trial Penalty Phase at 1.) The jury returned a verdict recommending a death sentence on December 13, 1994. (*Id.* at 159.) On December 23, 1994, the trial court merged the kidnapping charge into the rape charge and sentenced McGuire to an indeterminate term of ten to twenty-five years on the conviction of rape. (T.p., Misc. Hearings at 23-24.) In addition, the court sentenced McGuire to death. (*Id.* at 24-25.) The court filed a written Sentencing Opinion in which it independently weighed the aggravating circumstances and mitigating factors. (Doc. 17, ROW Ex. 68.)

McGuire filed an appeal. *Ohio v. McGuire,* Case No. CA95-01-001, 1996 WL 174609 (Ohio App. Apr. 15, 1996). He did not assert a claim for ineffective assistance of trial counsel to the court of appeals. On April 15, 1996, the court of appeals affirmed McGuire's convictions and death sentence. *Id.* at *14.

On May 31, 1996, McGuire appealed to the Ohio Supreme Court. (Doc. 17, ROW Ex. 74.) For the first time, McGuire asserted a claim for ineffective assistance of trial counsel. He stated as follows in Proposition of Law Seven: "Defense counsel's actions and omissions at Mr. McGuire's capital trial deprived him of the effective assistance of trial counsel as guaranteed by the Sixth, Eighth and Fourteenth Amendments to the United States Constitution . . . ." (*Id.*, ROW Ex. 75 at 79.) McGuire supported the relevant subclaim of Proposition of Law Seven in his written briefs solely with citations to the trial court record. (*Id.*, ROW Ex. 75 at 92–94; *Id.*, ROW Ex. 77 at 28–30.) On December 10, 1997, the Ohio Supreme Court affirmed McGuire's conviction and death sentence. *Ohio v. McGuire*, 80 Ohio St. 3d 390, 404 (1997). The Ohio Supreme Court stated in the decision that "Propositions of Law Two and Seven are waived." *Id.* at 394. The Ohio Supreme Court did not explain its basis for finding waiver.

2

Additionally, McGuire pursued two post-conviction relief petitions pursuant to Ohio Revised Code § 2953.21. (Doc. 17, ROW Ex. 81; Doc. 62 Ex. A.) In the first post-conviction petition dated October 23, 1996, McGuire alleged as the Tenth Cause of Action that his trial counsel failed to properly investigate and present mitigation evidence. (Doc. 17, ROW Ex. 81 at 30–36.) He did not support this Tenth Cause of Action with *dehors* evidence. The trial court denied the first post-conviction petition on the grounds that McGuire had not established that there had been additional mitigation evidence that his trial counsel could have presented. (*Id.*, ROW Ex. 92 at 5–6.) An Ohio appeals court upheld the denial. *Ohio v. McGuire*, No. CA97-06-015, 1998 WL 191415, at *1 (Ohio App. Apr. 20, 1998).

In the second post-conviction petition dated July 20, 2000, McGuire again brought a claim of ineffective assistance of trial counsel based on the failure to properly investigate and present mitigation evidence. (Doc. 62 Ex. A.) He attached six affidavits to the second post-conviction petition as *dehors* evidence to support the claim. (*Id.*) On September 29, 2000, the trial court denied McGuire's second petition for post-conviction relief. (*Id.* Ex. C.) The court of appeals affirmed. *Ohio v. McGuire*, No. CA2000-10-011, 2001 WL 409424 at *9–10 (Ohio App. Apr. 23, 2001). The court of appeals stated that the ineffective assistance claim was barred by *res judicata*. *Id.* The court explained:

> In his first postconviction petition, petitioner alleged the ineffective assistance of his counsel during the death penalty phase of the proceedings. In Cause of Action X, petitioner claimed his attorneys had failed to adequately investigate and present mitigation evidence to the jury in the form of family member testimony, expert mitigation testimony, and psychiatric testimony. Ruling on his postconviction petition, the trial court determined that petitioner had failed to offer any documentary evidence to support his claims and that the record showed trial counsel had acted effectively in the mitigation phase of the proceedings.
>
> In his second postconviction petition, petitioner made precisely the same argument but attempted to introduce additional evidence. Petitioner offered documents in the form of additional affidavits from family members regarding his

3

> formative years. The trial court found petitioner's claim of ineffective assistance barred because he had raised precisely the same claim in his first postconviction petition.
>
> * * * *
>
> Petitioner's ineffective assistance claim was raised in his first postconviction petition. Petitioner failed to provide necessary affidavits to fully litigate the issue. *Res judicata* therefore bars his subsequent claim.

*Id.* at *10. The Ohio Supreme Court did not allow an appeal. *Ohio v. McGuire*, 93 Ohio St. 3d 1411 (2001).

**B.    Federal Court Proceedings**

Petitioner McGuire filed a Petition for Writ of Habeas Corpus (Doc. 8) on March 30, 1999 and an Amended Petition for Writ of Habeas Corpus ("Amended Habeas Petition") (Doc. 28) on October 1, 1999. McGuire stated as follows in his Second Ground for Relief:

> Mr. McGuire's trial counsels' conduct of the case fell below the standard of care. This violated the Sixth, Eighth and Fourteenth Amendments.
>
> * * * *
>
> c. Defense counsel's actions and omissions during the penalty phase of McGuire's capital trial deprived him of the effective assistance of counsel.
>
>   i. Inadequate preparation and presentation of mitigation evidence.

(Doc. 28 at 882, 890.)[1]

On November 7, 2005, the Magistrate Judge recommended that Petitioner's Amended Habeas Petition be denied in its entirety. (Doc. 91). He specifically recommended that the Second Ground for Relief be denied on the basis of procedural default. (*Id.* at 252–55.) Petitioner did not object to that recommendation, but instead specifically "abandoned" the Second Ground. (Doc. 94 at 366.) In an Order dated July 2, 2007, the Court adopted Magistrate

---

[1] All page numbers in documents in filed in the CM/ECF system are the "PAGEID" numbers added electronically to the documents by the CM/ECF system.

Judge Merz's recommendations and denied the Amended Habeas Petition. (Doc. 103.) The Sixth Circuit affirmed that decision on September 1, 2010. (Doc. 118.)

On September 5, 2012, Petitioner filed the pending Motion for Relief from Judgment under Civil Rule 60(b) as to the Second Ground for Relief subclaim alleging ineffective assistance of trial counsel at sentencing. He asserts that the change in law announced by the Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), constitutes extraordinary circumstances to grant him relief from judgment and excuses his procedural default of the ineffective assistance of trial counsel subclaim. Petitioner seeks to support the ineffective assistance of trial counsel claim with *dehors* evidence demonstrating that trial counsel could have presented, but failed to present, substantial mitigation evidence. The Warden opposes the Rule 60(b) motion.

In the pending R&R and Supp. R&R, Magistrate Judge Michael R. Merz has recommended denying the Rule 60(b) motion. Petitioner's Cumulative Objections are ripe for adjudication. This Court has considered *de novo* the portions of the R&R and the Supp. R&R to which Petitioner McGuire has objected pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b).

## II.   ANALYSIS

### A.   Rule 60(b)(6) Standard of Law

Petitioner McGuire contends that the Court should grant him relief from judgment dismissing the ineffective assistance of trial counsel subclaim pursuant of the Federal Rule of Civil Procedure 60(b)(6). Rule 60 provides in relevant part as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

5

\* \* \* \*

 (6) any other reason that justifies relief.

Fed. R. Civ. P. 60. Courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances. *See Export-Import Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir. 2010); *Pierce v. United Mine Workers,* 770 F.2d 449, 451 (6th Cir. 1985).

**B.**  *Martinez v. Ryan* **Overview**

 McGuire argues that the change in law announced by the Supreme Court in *Martinez* constitutes extraordinary circumstances and excuses his procedural default of the ineffective assistance of trial counsel subclaim. The Supreme Court recognized for the first time in *Martinez* that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. The procedural factor underlying the *Martinez* decision was the Arizona rule prohibiting a convicted person from asserting a claim for ineffective assistance of trial counsel except during collateral proceedings. *Id.* at 1313. The Supreme Court's holding was narrow:

> Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State *requires* a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller–El v. Cockrell,* 537 U.S.

6

>322, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 1318–19 (emphasis added). The Supreme Court stated that its ruling was merely "equitable," not "constitutional," and did not provide defendants with a freestanding constitutional claim to assert. *Id.* at 1319.

Prior to *Martinez*, the Supreme Court had held in *Coleman v. Thompson*, 501 U.S. 722 (1991), that in all circumstances "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* at 1315 (explaining *Coleman*). The *Martinez* decision, therefore, created a narrow exception to established federal law. The Court summarized its holding as follows: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320.

C.   *Martinez v. Ryan* **Applied to this Case**

Petitioner McGuire seeks to reopen his Second Ground for Relief subclaim asserting ineffective assistance of trial counsel at the sentencing phase of his trial. McGuire argues that the ineffective assistance of the attorneys who represented him during the first post-conviction petition should excuse his procedural default of the ineffective assistance of trial counsel subclaim. He specifically argues that his attorneys in the first post-conviction proceeding rendered ineffective assistance of counsel by failing to support the subclaim with *dehors* evidence. To reopen the subclaim, McGuire must establish that the *Martinez* limited exception applies in Ohio generally, and to the facts of his case specifically, and that these circumstances constitute extraordinary circumstances under Rule 60(b)(6).

7

Ohio law provides two avenues for a post-conviction defendant to assert a claim for ineffective assistance of trial counsel: (1) the defendant can assert an ineffective assistance of trial counsel claim on direct appeal if he has new counsel on appeal and the trial court record contains sufficient evidence to support the claim; or (2) the defendant can assert the ineffective assistance of trial counsel claim for the first time in a post-conviction petition pursuant to Ohio Revised Code § 2953.21 with evidence *dehors* the record. *Williams v. Anderson*, 460 F.3d 789, 799 (6th Cir. 2006). [2]

---

[2] The Sixth Circuit opined that the Ohio system places a post-conviction defendant in "somewhat a procedural quandary" in a 2012 case:

> Nevertheless, Ohio has recognized two narrow exceptions which circumvent *res judicata's* application and provide a petitioner with the opportunity to raise a *Strickland* claim for the first time on post-conviction review. Only one exception is relevant here. Pursuant to Ohio law, a petitioner may avoid *res judicata's* bar if he can show that a "fair determination" of the ineffective assistance of counsel claim requires reference to evidence that was "outside the record" on direct appeal. *See id.* Because Ohio law prohibits the addition of new evidence to the trial record on direct appeal, *State v. Ishmail,* 54 Ohio St.2d 402, 377 N.E.2d 500, 502 (1978), the state has excepted from *res judicata* those matters that may only be reasonably determined by reference to evidence that would necessarily fall outside the trial record—for instance, whether trial counsel sufficiently prepared in advance of trial or whether the defense had strategic motivations for its decisions. *See State v. Smith,* 17 Ohio St.3d 98, 477 N.E.2d 1128, 1131 n. 1 (1985). Although the outside-the-record exception provides a narrow escape from procedural default, the state's *res judicata* doctrine presents an Ohio defendant with somewhat of a procedural quandary—either he must raise his ineffective assistance of counsel claim immediately on direct appeal and risk a potentially premature dispositive denial, or he must forego his claim on direct appeal and simply hope that he can thereafter develop sufficient outside-the-record evidence to overcome *res judicata* on collateral review.

*Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012); *but see Ohio v. Richmond*¸ No. 97616, 2012 WL 2047991, *1–2 (Ohio App. June 7, 2012) (stating that "res judicata does not bar a defendant from raising this issue in a petition for postconviction relief if the claim is based on evidence outside the record . . . even when the issue of ineffective assistance of counsel was raised on direct appeal").

8

In two recent cases, the Sixth Circuit addressed the applicability of *Martinez* in light of the Ohio criminal post-conviction system. The Sixth Circuit noted in both cases that Ohio law permits ineffective assistance of trial counsel claims to be asserted on direct appeal, as opposed to requiring all ineffective assistance of trial counsel claims to be asserted in collateral review proceedings. *See Moore v. Mitchell*, Nos. 08-3167, 08-3230, 2013 WL 673524, at *13 (6th Cir. Feb. 26, 2013) ("Not only does Ohio permit ineffective assistance of trial counsel claims to be made on direct appeal . . . ."); *In re Hartman*, No. 12-4255, slip op. at *3 (6th Cir. Nov. 8, 2012) ("[T]he state of Ohio does not require claims of ineffective assistance of trial counsel to be brought in such a [initial-review collateral] proceeding, and it regularly considers these claims on direct appeal."). The Sixth Circuit found that *Martinez* was inapplicable in both cases. *Moore*, 2013 WL 673524, at *13; *Hartman*, slip op. at *3.

In *Hartman*, the Court said that *Martinez* was inapplicable to a petitioner seeking leave to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2), not a motion for relief pursuant to Rule 60(b). In *Moore*, the Sixth Circuit stated that the *Martinez* exception would not apply in Ohio when the petitioner "raised the [ineffective assistance of trial counsel] claim on direct appeal and the Ohio Supreme Court rejected it on the merits." 2013 WL 673524, at *13. The Sixth Circuit further noted that petitioner in *Moore* sought to expand the *Martinez* holding to allow him to develop facts to challenge the Ohio Supreme Court's rejection of his ineffective assistance of trial counsel claim. *Id.*

The Sixth Circuit did not address in *Moore* or *Hartman* whether the *Martinez* exception applies in Ohio when a post-conviction defendant cannot bring an ineffective assistance of trial counsel claim on direct appeal because he is still represented by that counsel, or when he asserts the claim initially in the collateral post-conviction proceedings supported by *dehors* evidence.

9

An argument can be made that the *Martinez* exception should apply in Ohio in those narrow circumstances. *See Landrum v. Anderson*, No. 1:96-cv-641, 2012 WL 3637365, at *4 (S.D. Ohio Aug. 22, 2012) ("This Court reads *Martinez* as reaching a case such as this one where an ineffective assistance of trial counsel claim had to be raised in [collateral] post-conviction [proceedings] because the same attorney represented the petitioner at trial and on appeal."), *report and recommendations adopted by*, 2012 WL 6022810 (S.D. Ohio Dec. 4, 2012).

McGuire's state procedural history is unusual. McGuire raised an ineffective assistance of trial counsel claim supported solely by the trial court record to the Ohio Supreme Court as Proposition of Law Seven on direct appeal, but then waived Proposition of Law Seven. Magistrate Judge Merz concluded on those procedural facts that McGuire had procedurally defaulted the ineffective assistance of trial counsel subclaim he asserted in the Amended Habeas Petition on that basis. (Doc. 91 at 29–32.) McGuire did not object to the Magistrate Judge's recommendation that the subclaim was procedurally defaulted based upon that direct appeal waiver, but rather, McGuire specifically withdrew the subclaim. McGuire has not asserted that his direct appeal attorneys rendered ineffective assistance before the Ohio Supreme Court.

In summary, the *Martinez* exception provides cause to excuse the procedural default of an ineffective assistance of trial counsel claim when the post-conviction defendant was required by state law to raise that claim for the first time in collateral post-conviction proceedings, but his post-conviction counsel did not do so or did so ineffectively. 132 S. Ct. at 1320. The Sixth Circuit has not directly addressed whether *Martinez* should apply in Ohio when a post-conviction defendant cannot assert his ineffective assistance of trial claim on direct appeal. However, those are not the circumstances here. McGuire asserted his ineffective assistance of trial counsel claim for the first time on direct appeal, and only thereafter in the post-conviction proceedings.

Therefore, his subclaim does not fall within the limited exception provided for in *Martinez* for ineffective assistance of trial counsel claims which were required to be raised in post-conviction collateral proceedings.  It follows that McGuire has not established that extraordinary circumstances exist pursuant to Rule 60(b)(6) to reopen the ineffective assistance of trial counsel subclaim in the Second Ground for Relief.

### III.    CONCLUSION

For the foregoing reasons, the Report and Recommendations (Doc. 127) and Supplemental Report and Recommendations (Doc. 132) are **ADOPTED**, Petitioner's Cumulative Objections (Doc. 135) are **OVERRULED**, and Petitioner's Motion for Relief from Judgment under Civil Rule 60(b) (Doc. 124) is **DENIED**.

**IT IS SO ORDERED.**

S/Susan J. Dlott_____
Chief Judge Susan J. Dlott
United States District Court