# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DENNIS B. McGUIRE,

        Petitioner,       :    Case No. 3:99-cv-140

  - vs -                               Chief Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

        Respondent.      :

## REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

       This capital habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (Doc. No. 141) and the Warden's Response in Opposition (Doc. No. 142).

       On March 18, 2013, Chief Judge Dlott adopted the Magistrate Judge's Report and Recommendations (Doc. No. 127) and Supplemental Report and Recommendations (Doc. No. 132), thereby denying Petitioner's Motion for Relief from Judgment (Doc. No. 124). Petitioner filed a timely Notice of Appeal (Doc. No. 139) and now seeks a certificate of appealability from this Court's "determination that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not justify relief under Fed. R. Civ. P. 60(b) on his Second Claim for Relief." (Motion, Doc. No. 141, PageID 1059).

**Standard for Certificate of Appealability**

As provided in 28 U.S.C. § 2253, a petitioner seeking to appeal an adverse ruling in the district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. A certificate of appealability must be obtained before appealing from an order denying a Rule 60(b) motion. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007), so Petitioner is correct to seek one at this point.

The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack*, 529 at 484, *quoting Barefoot v. Estelle,* 463 U.S. 880, 893 (1983) superseded on other grounds by statute, 28 U.S.C. § 2253(c)(2), as recognized in *Rickman v. Bell,* 131 F.3d 1150, 1165 (6th Cir. 1997).  The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484.

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases.  *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F.3d 1565 (11th Cir. 1996)(en banc).  Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255.  *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), (adopting analysis in *Lozada v. United States*, 107 F.3d 1011, 1017 (2nd Cir. 1997).  Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate.  *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).

3

## Application

The contours of the application of *Martinez v. Ryan, supra*, to Ohio's statutory scheme for litigating ineffective assistance of trial counsel claims has thus far received only limited development. While the Magistrate Judge believes this Court has faithfully interpreted *Martinez* and applied it to this case, McGuire, as a person who has raised a serious question about the application of *Martinez* in Ohio, is precisely the sort of litigant who should be encouraged to obtain a more definitive ruling from the Sixth Circuit.

It is therefore respectfully recommended that the Court grant a certificate of appealability on the requested issue: does *Martinez* justify granting relief from judgment in this case so as to relieve McGuire from his procedural default(s) in presenting his claims of ineffective assistance of trial counsel?

May 3, 2013.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).