IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DENNIS B. McGUIRE,

   Petitioner,   :  Case No. 3:99-cv-140

 - vs -         Chief Judge Susan J. Dlott
             Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
 Institution,

   Respondent.   :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

   This capital habeas corpus case is before the Court on the Warden's Objections (Doc. No. 144) to the Magistrate Judge's Report and Recommendations on a certificate of appealability as to the Petitioner's pending appeal. The Petitioner responded to those Objections (Doc. No. 146) and Chief Judge Dlott has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 145).

   The Magistrate Judge recommended granting Petitioner a certificate of appealability on the question whether *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), justifies relief from the final judgment in this case (Report, Doc. No. 143, PageID 1110).

   The Warden argues that Martinez is clearly not applicable to States like Ohio which do not mandate that claims of ineffective assistance of trial counsel be brought in a collateral attack as opposed to on direct appeal, relying on *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013).

   Since the Objections period closed, the Supreme Court has decided *Trevino v. Thaler*,

___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), and extended *Martinez* to the Texas system for decision of ineffective assistance of trial counsel claims. It appears from that decision that the Texas system is a good deal closer to the Ohio system than to that of Arizona which was at issue in *Martinez*. *Trevino* clearly represents an extension of *Martinez*, as it drew a dissent from Chief Justice Roberts and Justice Alito who had concurred in *Martinez*. With the decision in *Trevino*, it is plainly debatable among jurists of reason whether *Martinez* applies in Ohio.

It is therefore again respectfully recommended that the requested Certificate of Appealability be issued.

June 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).